IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:05-CR-217-BO
No. 5:16-CV-345-BO

| | |
|---|---|
| ROBERT LEE RAY, ) | |
| Petitioner, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The government has responded to the motion, conceding that the relief which petitioner seeks is warranted.

## BACKGROUND

Petitioner was sentenced to a term of 180 months' imprisonment after pleading guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924. Petitioner filed a direct appeal and the Court's judgment was affirmed by opinion entered December 15, 2006. On June 8, 2016, petitioner, through counsel, filed the instant motion to vacate pursuant to 28 U.S.C. § 2255.

## DISCUSSION

Petitioner contends that he is no longer properly classified as an armed career criminal in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016). In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), is unconstitutionally vague. 135 S.Ct. at 2557. In *Welch*, the

Supreme Court held that *Johnson* applies retroactively on collateral review. 136 S.Ct. at 1265.

The government, having waived its procedural defenses, and petitioner both argue that application of *Johnson* and *United States v. Gardner*, __ F. 3d __, No. 14-4533, 2016 WL 2893881 (4th Cir. 2016) (holding that a North Carolina conviction for common law robbery is no longer a violent felony) to petitioner's criminal history results in insufficient qualifying predicate convictions necessary to be sentenced as an armed career criminal under 18 U.S.C. § 924(e). The Court agrees, and holds that resentencing of petitioner without application of the Armed Career Criminal Act is warranted.

## CONCLUSION

Accordingly, for the foregoing reasons, petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [DE 31] is GRANTED, petitioner's sentence is hereby VACATED, and this matter shall be set for resentencing by separate notice.

SO ORDERED, this 12 day of August, 2016.

*[signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE